UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CUSTER, | No. 2:13-cv-2059 MCE AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| PATRICK FERNANDEZ, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff Brian Custer commenced an unlawful detainer action in Sacramento County Superior Court against non-party Rodney Spidell on or around June 21, 2013.  See Notice of Removal, ECF No. 1 at 21.  Defendant Patrick Fernandez, a tenant of the property at issue,[1] removed this action on October 4, 2013 purportedly on the basis of subject matter jurisdiction, and seeks to proceed in forma pauperis.[2]

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks

---

[1] This removed action concerns the same property (7470 Fairway Two Avenue, Fair Oaks, California 95628) at issue in a previously- removed action.  See Custer v. Spidell, 2:13-cv-1704 JAM AC PS.

[2] Though required to do so, defendant did not attach to his Notice of Removal a copy of the complaint filed in the Sacramento County Superior Court.  See 28 U.S.C. § 1446(a).

1

1   jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

2       Courts "strictly construe the removal statute against removal jurisdiction," and "the
3   defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980
4   F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as
5   to the right of removal in the first instance." Id.  Removal is proper only if the court could have
6   exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc.
7   v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction
8   is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
9   only when a federal question is presented on the face of the plaintiff's properly pleaded
10  complaint." Id.  Moreover, "a court may raise the question of subject matter jurisdiction, sua
11  sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822,
12  826 (9th Cir. 2002).

13      The complaint filed in Sacramento County Superior Court contains a single claim for
14  unlawful detainer.  In defendant's removal notice, it is asserted that the court has jurisdiction
15  pursuant to the Protecting Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220.  The
16  PFTA provides protections to tenants who reside in properties subject to foreclosure, including
17  the requirement that a 90-day notice to vacate be given to bona fide tenants.  See SD Coastline LP
18  v. Buck, 2010 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished).  Plaintiff's complaint
19  for unlawful detainer does not state claims under any federal law.  Furthermore, it is based on
20  non-payment of rent, not foreclosure of the property.  See ECF No. 13 at 8.  Defendant appears to
21  assert that the PFTA is at issue by virtue of defendant's defense to the action.[3]

22      Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
23  party claim raising a federal question, whether filed in state or federal court.  See Vaden v.
24  Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th
25  Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);

---

[3] Additionally, federal district courts have concluded that the PFTA does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

1   Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l
2   Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint
3   indicates that the only cause of action is one for unlawful detainer, which arises under state law
4   and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction
5   under 28 U.S.C. § 1331 does not exist.

6       For the reasons set forth above, IT IS HEREBY ORDERED that defendant's motion to
7   proceed in forma pauperis (ECF No. 2) is denied; and

8       IT IS HEREBY RECOMMENDED that this case be remanded to Sacramento County
9   Superior Court for lack of jurisdiction.

10      These findings and recommendations are submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12  after being served with these findings and recommendations, defendant may file written
13  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
14  Findings and Recommendations."  Any response to the objections shall be filed and served within
15  fourteen days after service of the objections.  Defendant is advised that failure to file objections
16  within the specified time may waive the right to appeal the District Court's order.

17  DATED: October 18, 2013

18
19  _____
    ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE
20
21
22  /mb;cust2059.remand
23
24
25
26
27
28